**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL R.R. PASSENGER CORP.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **R AND R VISUAL, INC.,** <u>et al.</u>, ) <br> ) <br> **Defendants.** ) <br> _____) | Civil Action No. 05-822 (GK) |

<u>**MEMORANDUM OPINION**</u>

Plaintiff National Railroad Passenger Corp. ("Amtrak") brings this action against R&R Visual, Inc. ("R&R") and its subcontractor American Pipe Lining, Incorporated ("APL"). Amtrak alleges that R&R and APL failed to perform certain contracts to repair corrosion and leakage in waste system piping located throughout a number of Amtrak passenger train cars. On September 13, 2006, the Court granted APL's motion to file a Third-Party Complaint against RLI Insurance Company ("RLI") and Constitution Insurance Company ("Constitution"), but ordered that the Third-Party Complaint be severed from the underlying action between Amtrak, R & R Visual, and APL.

This matter is now before the Court on Third-Party Defendant RLI Insurance Company's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue [Dkt. No. 84/85]; Third Party Constitution Insurance Company's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue [Dkt. No. 94]; and the Request for Oral

Hearing by Third-Party Defendant Constitution Insurance Company [Dkt. No. 97].  Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated below, Constitution's Motion to Dismiss is **granted**, RLI's Motion to Dismiss is **denied**, RLI's Motion to Transfer is **granted**, and Constitution's Request for Oral Hearing is **denied**.

**I.    BACKGROUND**

Amtrak's Complaint in this case alleges that in 2001, Amtrak's operators and maintenance personnel began to report frequent and widespread leaks of waste into the passenger compartments and lavatories on its Superliner II passenger cars.  Amtrak engaged APL and R&R to investigate and assess the problem and to restore the structural integrity of its metal pipes to prevent further corrosion and leakage.  The Complaint alleges that APL and R&R failed to fulfill their obligations under their contracts with Amtrak, as evidenced by their failure to perform any repairs on ten cars as well as the appearance of new leakage and corrosion problems on the purportedly repaired pipes.  On April 25, 2005, Amtrak brought this suit for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of warranty, negligence and unjust enrichment against APL and R&R.

On August 8, 2006, APL moved to file a third-party complaint against its insurers, RLI and Constitution, seeking insurance coverage for its defense of the claims alleged in Amtrak's

Complaint. On September 13, 2006, the Court granted APL's motion, as well as its request to sever the Third-Party Complaint from Amtrak's underlying Complaint. APL filed a First Amended Third-Party Complaint ("Am. 3PC") on October 5, 2006.

The First Amended Third-Party Complaint alleges that in August 2005, RLI denied coverage for APL's defense in this case. RLI subsequently agreed to provide coverage on the condition that APL accede to representation by a law firm designated by RLI. The First Amended Third-Party Complaint alleges that this condition is a breach of RLI's contract with APL as well as a breach of the duty of good faith and fair dealing. APL also seeks a declaratory judgment that RLI and Constitution are required to provide coverage and indemnification for their defense against the claims asserted in Amtrak's Complaint. RLI and Constitution have each filed motions to dismiss or to transfer the First Amended Third-Party Complaint to the Southern District of California.

**II. Analysis**

    **A. APL Has Made No Showing of Personal Jurisdiction over Constitution**

Constitution moves to dismiss the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that the Court lacks personal jurisdiction over it.[1] The Court agrees. Constitution is not incorporated in the District of

---

[1] In the alternative, Constitution joins RLI's Motion to dismiss the Third-Party Complaint based on forum non conveniens.

Columbia, and does not have any employees or offices or do any business here.  Constitution Mot., Kossman Decl. at ¶¶ 2-4. Moreover, Constitution's insurance policies at issue in the First Amended Third-Party Complaint were negotiated and sold in Glendale, California, and were issued from Constitution's New York office for delivery to APL's San Diego office.  Id. at ¶¶ 6-8.  Accordingly, Constitution has no contacts with the District of Columbia sufficient to provide a basis for the exercise of personal jurisdiction under the District of Columbia's Long Arm Statute. D.C. Code § 13-423.  See United States v. Phillip Morris, Inc., 116 F. Supp. 2d 116, 129 (D.D.C. 2000) ("A defendant has minimum contacts with a jurisdiction when it has 'purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arose out of or relate to those activities.'") (internal citation omitted).

APL devotes its entire Opposition to an argument in support of the Court's supplemental jurisdiction over the claims in the Third-Party Complaint.  APL's argument completely misses the mark. Supplemental jurisdiction relates to subject matter jurisdiction. It is not a means for obtaining personal jurisdiction over parties not otherwise properly before the Court. As Wright and Miller have explained,

> Supplemental jurisdiction, by whatever name, is a doctrine of subject matter jurisdiction.  It permits federal courts to entertain claims that do not satisfy an independent basis of federal subject matter jurisdiction,

> such as diversity of citizenship or federal question jurisdiction. As a matter of common law, several courts of appeals have recognized a doctrine of "pendent personal jurisdiction," which is wholly unrelated to [28 U.S.C.] § 1367. Pendent personal jurisdiction permits a court to entertain a claim against a defendant over whom it lacks personal jurisdiction, but only if that claim arises from a common nucleus of operative fact with a claim in the same suit for which the court does have personal jurisdiction over the defendant.

13 Charles A. Wright, Arthur R. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3523 n.21 (3d Ed. 2007). Since this Court has no personal jurisdiction over Constitution arising from other claims asserted in the lawsuit, it cannot exercise any personal jurisdiction over Constitution in the Third-Party Complaint.

The Court must have both subject matter jurisdiction and personal jurisdiction. See <u>Ruhrgas Ag v. Marathon Oil Co.</u>, 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."). For personal jurisdiction to exist, due process demands satisfaction of the requirements of the District of Columbia Long Arm Statute, D.C. Code § 13-423. APL has failed to make any showing that such requirements have been met in Constitution's case. "The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." <u>Crane v. New York Zoological Soc.</u>, 894 F.2d 454, 456 (D.C. Cir. 1990). Because APL has failed to make any showing of

personal jurisdiction over Constitution, its claims against Constitution are dismissed.

### B. RLI's Motion to Transfer Is Granted Because the Public Interest Factors in Favor of Transfer Outweigh any Factors Favoring Litigation in this Court

RLI argues that the claims against it in the First Amended Third-Party Complaint should be dismissed on the basis of <u>forum non conveniens</u>, or transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)").[2] As the Supreme Court recently stated,

> The common-law doctrine of <u>forum non conveniens</u> 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best.  For the federal-court system, Congress has codified the doctrine [in 28 U.S.C. § 1404(a)] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.

<u>Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.</u>, 127 S. Ct. 1184, 1190-91, 167 L. Ed. 2d 15 (2007) (citing <u>American Dredging Co. v. Miller</u>, 510 U.S. 443, 449 n.2 (1994)) (other internal citations omitted).  RLI's own Motion argues that the United States District Court for the Southern District of California is the more convenient place for this action.

---

[2] Although RLI brings its Motion pursuant to Federal Rule of Civil Procedure 12(b)(3), it does not provide any statutory basis for an argument that the District of Columbia is an improper venue. Moreover, RLI does not challenge the Court's jurisdiction. Accordingly, APL's argument regarding supplemental jurisdiction is not relevant to the Court's decision.

Accordingly, dismissal based on <u>forum non conveniens</u> is not appropriate in this case, and the Court will consider only the request for transfer.

Section 1404(a), the federal venue transfer statute, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Our Court of Appeals has recognized that it may be "impossible to develop any fixed rules on when cases should be transferred." <u>SEC v. Savoy Indus.</u>, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (quoting <u>Starnes v. McGuire</u>, 512 F.2d 918, 929 (D.C. Cir. 1974). Accordingly, § 1404(a) vests "discretion in the district court[] to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 27 (1988) (internal citation omitted). As the moving party, Defendant bears the burden of establishing that the transfer of these actions to another federal district is proper. <u>See</u> <u>Onyeneho v. Allstate Ins. Co.</u>, 466 F. Supp. 2d 1, 3 (D.D.C. 2006).

APL does not dispute that its claims against RLI could have been brought in the Southern District of California. <u>See</u> APL's Opp'n to RLI's Mot. at 17 n.13. Accordingly, RLI must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer. <u>Trout v. Dep't of Agric.</u>, 944 F. Supp.

13, 16 (D.D.C. 1996). The Court weighs a number of private and public factors in that determination. See id. at 13. The private interest considerations include

> (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

Berenson v. Nat'l Fin. Services, LLC, 319 F. Supp. 2d 1, 2-3 (D.D.C 2004) (internal citations omitted). The public interest considerations include "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts; and (3) the local interest in deciding local controversies at home." Id.

### 1. Public Factors

The interests of justice "are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." Trout, 944 F. Supp. at 19 (internal citations omitted). The First Amended Third-Party Complaint in this case seeks a declaratory judgment regarding the rights and liabilities of the parties under APL's insurance policies with RLI and Constitution, and alleges that RLI breached those insurance policies. There is no dispute that each of those policies was negotiated, executed and delivered in California. Accordingly, APL's claims will undoubtedly be governed by California law. See

YWCA v. Allstate Ins. Co., 275 F.3d 1145, 1150 n.1 (D.C. Cir. 2002) (observing that either the "more substantial interest" test or the "place of delivery" rule would determine which law to apply to insurance policy disputes).[3]  Because California law is far more likely to apply than the law of the District of Columbia, the interests of justice are best served by transfer.  For the same reasons, the local interest in deciding local controversies at home also weighs in favor of transfer.

RLI cites to statistics from the 2005 Annual Report on the Judicial Business of the Federal Judiciary to show that the Southern District of California has a lower per-judge civil case load than this District Court.  RLI's Mot. at 9.  "Although congestion alone is not sufficient reason for transfer, relative docket congestion and potential speed of resolution is an appropriate factor to be considered."  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).  Accordingly, this factor weighs in favor of transfer to the Southern District of California.

Moreover, a nearly identical coverage action between RLI and APL arising out of the same facts is currently pending in the Southern District of California.  APL relies heavily on the "first-filed" rule, emphasizing that its Third-Party Complaint in this

---

[3] Although the YWCA court noted that there is some uncertainty as to which choice of law analysis should apply in this context, 275 F.3d at 1150 n.1, RLI correctly points out that either test recognized by the YWCA court would result in application of California law.

case was filed one day before RLI's complaint in California and therefore should take precedence over the California action. "The first-filed rule provides that, '[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.'" FDIC v. Bank of New York, 479 F. Supp. 2d 1, 12 (D.D.C. 2007) (citing Wash. Metro. Area Transit Auth. v. Ragonese, 617 F.2d 828, 830 (D.C. Cir. 1980)) (alteration in original).

However, "[t]he first-filed rule is not rigidly or mechanically applied." Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., 196 F. Supp. 2d 21, 29 (D.D.C. 2002) (citing Columbia Plaza Corp. v. Security Nat'l Bank, 525 F.2d 620, 627 (D.C. Cir. 1975); Lewis v. National Football League, 813 F. Supp. 1, 4 (D.D.C. 1992)). It carries little weight in this case, where RLI's complaint was filed in the Southern District of California just one day after APL filed its Third-Party Complaint in this case.

APL also stresses that the California action will not resolve the issues in this case in their entirety. APL's Third-Party Complaint is substantively broader than RLI's California action, and the California action does not include Constitution as a party. APL's Opp'n at 15. Because the Court is not dismissing APL's claims against RLI, but is instead transferring them to the Southern District of California where they may be consolidated with

-10-

the pending action in that court, any difference in the scope of the two actions is no longer meaningful. As to Constitution, APL is free to file against it in California.

APL further protests that its claims against RLI should remain in this Court because the underlying Amtrak action is being litigated here. The issues raised by APL's Third-Party Complaint relate to the insurance policies providing for litigation coverage, and are entirely separate from the merits of Amtrak's complex claims in this lawsuit. A number of courts have found that coverage actions need not be litigated in the same forum as the underlying claims, much less joined with them. See, e.g., W. Am. Ins. Co. v. Potts, 908 F.2d 974 (table), 1990 WL 104034, at *2 (6th Cir. 1990); Nat'l Guardian Risk Retention Group, Inc. v. Central Ill. Emergency Physicians, LLP, No. 06-247, 2006 WL 1892529, at *6 (W.D. Mich. July 10, 2006); Am. Motorists Ins. Co. v. CTS Corp., 356 F. Supp. 2d 583, 586-89 (W.D.N.C. 2005); United States Fire Ins. Co. v. Aldworth Co., Inc., No. 04-4963, 2005 WL 1522280 (D.N.J. June 28, 2005); Transcon. Ins. Co. v. Coreslab Structures (Okla.), Inc., No. 3:01-CV-2589-M, 2002 WL 570880, at *2 n.8 (N.D. Tex. Apr. 12, 2002).

Indeed, similar coverage litigation between R&R Visual and its insurers is currently pending in Indiana, not this District Court. See Frankenmuth Mut. Ins. Co. v. R&R Visual, Inc., No. 06-147-AS-PRC (N.D. Ind. filed Feb. 27, 2006). The Court's Order of

September 13, 2006 in this case, which severed APL's Third-Party Complaint from Amtrak's Complaint, also recognized that the coverage issues are not intertwined with Amtrak's claims. Whatever validity there might have been to the notion that the insurance disputes should be litigated together with the underlying action in this forum, it is no longer relevant given the lack of personal jurisdiction over Constitution. We already have piecemeal litigation of the insurance coverage issues arising out of this case, given the litigation in Indiana and California. It is certainly preferable to limit that litigation to two fora, rather than three. Accordingly, retaining the coverage action in this Court does not contribute to judicial efficiency.

### 2. Private Factors

The private factors do not outweigh the public interest in transferring APL's claims against RLI to California. Three of the factors—the defendant's choice of forum, the locus of the claim, and the convenience of the parties—weigh in favor of transfer. RLI clearly prefers California, as evidenced by its motion to transfer the case to the Southern District of California. APL resides and does business in California, and none of the parties resides in the District of Columbia, which makes California a more convenient forum for the parties. The insurance claim did not arise in the District of Columbia; the RLI policies were negotiated, issued and delivered in California. See RLI's Mot. at 6.

Two factors—the convenience of the witnesses and the ease of access to sources of proof—weigh against transfer. RLI argues that California is more convenient for the witnesses, but it does not contend that any of its witnesses would be unavailable here. Moreover, technological advances have significantly reduced the weight of the ease-of-access-to-proof factor. Although RLI argues that "[t]he documents relating to the policies and their issuance are in California," RLI's Mot. at 8, the small amount of documents likely to be relevant in this case may be easily transmitted electronically.

It is true, as APL argues, that the Court usually must afford deference to a plaintiff's choice of forum. However, "substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum." Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 53 (D.D.C. 2000) (citing Reyno, 454 U.S. at 255-56). APL is a California corporation with headquarters in San Diego, California. See Am. 3PC at ¶ 1. It would be quite far-fetched for a California corporation to claim that litigating this action in California is inconvenient.

Moreover, "[w]hile a Plaintiff's choice of forum is certainly entitled to some deference, that is less true where, as here, 'there is an insubstantial factual nexus with the plaintiff's choice.'" Hawksbill Sea Turtle v. Federal Emergency Mgmt. Agency, 939 F. Supp. 1, 3 (D.D.C. 1996) (citing Comptroller of Currency v.

Calhoun Nat'l Bank, 626 F. Supp. 137, 140 n.9 (D.D.C 1985)).  In this case, APL has sued RLI based on three insurance contracts that were negotiated, issued and delivered in California, to a California resident, using a California broker.  Accordingly, neither APL nor its claims have any relation to this forum, so this factor is accorded substantially less weight.

APL also argues that although the forum choices of foreign plaintiffs are accorded less weight, that principle should not apply in this case where APL was involuntarily made a Defendant by Amtrak.  However, as discussed above, coverage actions need not be litigated in the same forum as the underlying claims.  Accordingly, there is no basis for concluding that APL was forced to litigate its coverage claims in this Court.  The Court therefore considers APL's forum choice as it would any other non-resident plaintiff, and finds that its choice of this forum does not outweigh the other factors supporting transfer to the Southern District of California.

**III.  CONCLUSION**

For the foregoing reasons, RLI's Motion to Dismiss [Dkt. No. 84] is **denied**, RLI's Motion to Transfer Venue [Dkt. No. 85] is **granted**, and Constitution's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue [Dkt. No. 94] is **granted**.  The Court has considered Constitution's Request for Oral Hearing and finds that it is not necessary to resolve the Motions to Dismiss.  Accordingly, Constitution's Request for Oral Hearing

[Dkt. No. 97] is **denied**.

An Order will issue with this Memorandum Opinion.

|  |  |
|---|---|
| July 19, 2007 | /s/<br>Gladys Kessler<br>United States District Judge |